IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANNE DUFFY, as the Executrix of the Estate of Robert Duffy, DIANNE DUFFY, as the Executrix of the Estate of Rita Duffy, and ALEXANDRA DUFFY, individually, | )<br>)<br>)<br>)<br>) | |
| Plaintiffs, | )<br>)<br>) | Civil Action No. 12-236 |
| v. | )<br>) | Chief Judge Joy Conti<br>Magistrate Judge Susan Baxter |
| CEVA LOGISTICS, US, INC., MICHAEL BONDI, HOME DEPOT, USE, INC., t/d/b/a/ THE HOME DEPOT, HENIFF TRANSPORTATION SYSTEMS, LLC, MICHAEL A. PRUITT and ESTES EXPRESS LINES, | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

It is respectfully recommended that Plaintiffs' Motion for Sanctions and Request for Emergency Hearing and Judgment in Favor of the Plaintiffs [ECF No. 41] be denied to the extent Plaintiffs have requested that judgment be entered in their favor, but granted insofar as Plaintiffs have requested that Defendants provide Plaintiffs with a current privilege log to allow them to determine the extent of any outstanding documents withheld during discovery, pursuant to Rule 26 of the Federal Rules of Civil Procedure.

## II. REPORT

### A. Relevant Procedural History

The underlying lawsuit is a wrongful death/survival action arising out of an accident that occurred on February 25, 2012, on Interstate 80 in Venango County, Pennsylvania. Plaintiffs, Dianne Duffy, as the Executrix of the Estates of Robert Duffy and Rita Duffy, and Alexandra Duffy, individually, have filed a Motion for Sanctions and Request for Emergency Hearing and Judgment in Favor of the Plaintiffs [ECF No. 41] with regard to a written statement given by Defendant Michael Bondi on February 28, 2012, about the accident. (*See* ECF No. 41-5 at 2-4). Plaintiffs contend that despite proper discovery requests seeking any available statements, reports, or any other investigative materials regarding Defendant Bondi's account of the accident in question, Defendants CEVA Logistics, Inc., Bondi, and Home Depot, USA, Inc., t/d/b/a The Home Depot, failed to produce the statement. (ECF No. 41 at 1-2). Plaintiffs seek a judgment in their favor as a spoliation sanction for the alleged "purposeful withholding" of the statement. (ECF No. 41 at ¶¶ 19, 31). Alternatively, Plaintiffs seek a current privilege log of the documents withheld by Defendants during discovery. A telephonic hearing was held on December 27, 2013, to ensure that the dispute did not affect the summary trial, scheduled for late January 2014, over which the undersigned is presiding.

### B. Standard of Review

Courts must follow a two-step approach in determining whether spoliation sanctions are appropriate. First, the court must determine if the conduct at issue constitutes spoliation of evidence. *Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 73 (3d Cir. 2012). Spoliation occurs where: (1) the evidence was in the party's control; (2) the evidence is relevant to the claims or

2

defenses; (3) there has been actual suppression or withholding of evidence; and (4) the duty to preserve the evidence was reasonably foreseeable to the party." *Id.* at 73 (citing *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 334 (3d Cir. 1995). Second, if spoliation has occurred, the court must then determine the appropriate level of sanction to impose. *Bull*, 665 F.3d at 74 n.5. The decision to award sanctions rests in the sound discretion of the Court. *Dunn v. Mercedes Benz of Ft. Washington, Inc.*, 2012 WL 424984 at *4 (E.D.Pa. 2012) (citing *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 78 (3d Cir. 1994)). Potential sanctions may include dismissal of a claim or granting judgment in favor of a prejudiced party, suppression of evidence, an adverse inference, fines, and attorneys' fees and costs. *Anderson v. Bd. of Sch. Directors of Millcreek Tp. Sch. Dist.*, 2013 WL 4455496 at *33 (W.D.Pa. 2013).

**C. Discussion**

Here, it is undisputed that factors (1), (2) and (4) of the spoliation test are present. Defendant Bondi's statement was in control of the Defendants; its contents are clearly relevant to the instant dispute; and Defendants had a duty to preserve the statement, and in fact did so, as evidenced by its production at a later date. At issue is factor (3), the "actual suppression or withholding" of the statement. In this regard, the Third Circuit Court of Appeals instructs:

> In *Brewer* we discussed the connection between a finding of sanctionable spoliation and a ruling on bad faith, stating the following:
>
>> For the [spoliation] rule to apply … it must appear that there has been an actual suppression or withholding of the evidence. *No unfavorable inference arises when the circumstances indicate that the document or article in question has been lost or accidentally destroyed, or where the failure to produce it is otherwise properly accounted for. See generally* 31A C.J.S. Evidence § 156(2); 29 Am.Jur.2d Evidence § 177 ("Such a presumption or inference arises, however, only when the spoliation or destruction [of evidence] was intentional, and indicates fraud and a desire to

3

> suppress the truth, and it does not arise where the destruction was a matter of routine with no fraudulent intent.").

> *Brewer*, 72 F.3d at 334 (emphasis added). Therefore, a finding of bad faith is pivotal to a spoliation determination. This only makes sense, since spoliation of documents that are merely withheld, but not destroyed, requires evidence that the documents are actually withheld, rather than-for instance-misplaced. Withholding requires intent.

*Bull*, 665 F.3d at 79 (footnote omitted). Plaintiffs bear the burden of demonstrating that Defendants acted in bad faith. *Id*.

At the hearing, Plaintiffs argued that bad faith may be inferred on this record since company policy required that a driver's statement be taken, and Defendants made no effort to investigate whether such a statement existed. Defendants counter, however, that they specifically instructed their Third Party Administrator that all communications regarding the accident were to go through their attorneys, and that no statements were to be taken from Defendant Bondi. (ECF No. 43-3 at ¶ 5). Accordingly, they argue, there would be no reason to search for a statement that ostensibly did not exist.

Here, we find there is no evidence, on this record, that Defendant Bondi's statement was suppressed or intentionally withheld rising to the level of bad faith. Defendant Bondi submitted an affidavit stating that he had forgotten about the statement until it was shown to him on December 19, 2013. (ECF No. 43-2 at 1-2). Michael Lloyd, the Director of Operational Risk and Claims Management for CEVA Logisitics and the individual responsible for coordinating the answers and responses to Plaintiffs' discovery requests, submitted an affidavit averring that he was unaware of the statement's existence until notified by counsel on December 6, 2013. (ECF No. 43-3 at 1-2). Finally, Defendants have submitted evidence that they instructed their Third Party Administrator that all communications regarding the accident were to go through their attorneys, and that no statements were to be taken from Defendant Bondi. (ECF No. 43-3 at ¶ 5).

The failure to have searched for the statement in light of these instructions evidences at most, negligence on the part of the company, which is significantly short of a bad faith finding required in order to impose spoliation sanctions. Finally, it appears that Plaintiffs have suffered no harm by the late production as discovery has not closed and they were able to use the statement to form questions at deposition.

Nonetheless, because Plaintiffs do not have a record of those items being withheld on privilege grounds, if any, they have requested a log giving descriptions and reasons for withholding, in the manner of a *Vaughn* index. This request is reasonable in light of the factors present in the case, and is not opposed by Defendants.

## III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiffs' Motion for Sanctions and Request for Emergency Hearing and Judgment in Favor of the Plaintiffs [ECF No. 41] be denied to the extent Plaintiffs have requested that judgment be entered in their favor, but granted insofar as Plaintiffs have requested that Defendants provide Plaintiffs with a current privilege log to allow them to determine the extent of any outstanding documents withheld during discovery, pursuant to Rule 26 of the Federal Rules of Civil Procedure.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Date: December 31, 2013

cc: The Honorable Joy Flowers Conti
Chief United States District Judge